# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE FRANK KNAUF,<br><br>Debtor,<br><br>WILMINGTON TRUST AS TRUSTEE FOR GEMB LENDING INC.,<br><br>Movant,<br><br>vs.<br><br>FRANK KNAUF,<br><br>Respondent. | x<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>x | Chapter 7<br><br>Case No.: 11.40064 (CEC)<br><br>**MOTION FOR RELIEF FROM**<br>**AUTOMATIC STAY** |

**TO THE HONORABLE CARLA E. CRAIG, UNITED STATES BANKRUPTCY JUDGE:**

Movant, Wilmington Trust, as Trustee for GEMB Lending Inc. ("GEMB"), respectfully represents:

1. This Motion is brought pursuant to § 362(d)(1) of Title 11 of the United States Code (hereinafter the "Bankruptcy Code") and Rules 4001 and 9014 of the Bankruptcy Rules, and seeks an order terminating, vacating or annulling the automatic stay provided by § 362 of the Bankruptcy Code. This relief is sought in order to permit GEMB to enforce its rights under Installment Loan Fixed Rate Note ("Note") and First Preferred Ship's Mortgage (the "Mortgage") pursuant to which GEMB has a security interest in a vessel purchased by debtor, Frank Knauf ("Debtor") and to foreclose the mortgage on the Collateral and for adequate protection. In support of the Motion, GEMB respectfully states as follows:

10890572-v1

2. On or about February 1, 2005, Debtor purchased a 2005 Silverton, Model S426 VIN No.: STNAF250 J405, Federal Documentation No.: 1167402, her engines, tackle, apparel, etc., and all other necessaries and equipment belonging and appurtenant thereto, ("Collateral" and/or "Yacht").

3. In connection with the purchase of the Collateral on or about February 1, 2005, Debtor executed an Retail Sales Installment Agreement Installment ("Note") under which GEMB extended credit to Debtor and Debtor agreed to pay the amount of $200,000.00, plus interest, granting a security interest in the Collateral. A copy of the Note is attached as **Exhibit A.**

4. On or about February 3, 2005, a First Preferred Ship Mortgage ("Mortgage") was executed by Debtor on the vessel securing payment of the total amount financed under the Note. A copy of the Mortgage is attached hereto as **Exhibit B**. The Mortgage was recorded on February 10, 2005 with the United States Coast Guard, Batch No.: 337938, Document No. 3225761. A true copy of the Abstract of Title from the United States Coast Guard showing the recorded Mortgage is attached hereto as **Exhibit C.**

5. This Court has jurisdiction of the matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(G).

6. On or about January 5, 2011, Debtor filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code.

7. Movant GEMB is a secured creditor of the Debtor holding a claim of $187,248.45 as of January 5, 2011, and an amount due for attorneys' fees, reasonable court costs, and any and all other costs relating to this action, pursuant to the Note.

8. The monthly payment is $1,347.88 and the prepetition arrearage is $4,243.04, plus repossession fees of $9,169.43:

| 1. | Note Balance | $165,546.38 |
|----|---|---|
| 2. | Cost of Repossession of Vessel, Repair, and Yard Bill | $21,708.07 |
| 3. | Total Outstanding Debt | **$187,248.45** |

A copy of the repossession, repair and ongoing storage fee charges are attached as **Exhibit D**.

9. There is a Judgment Lien in favor of ERA Franchise Systems LLC ("ERA") against Debtor in the amount of $100,290.99 dated January 8, 2010. A copy of the Judgment is attached as **Exhibit E.** This Judgment Lien was recorded with the United States Coast Guard on December 10, 2010. (*See* U.S.C.G. Abstract of Title Ex. C.)

10. GEMB repossessed the collateral in October 2010.

11. Thereafter, ERA sought to execute on the Yacht to enforce their Judgment Lien on the Yacht.

12. The low retail value of the Collateral is $207,800.00 according to NADA Guidelines for January through April 2011. A copy of the Guidelines is attached as **Exhibit F**. GEMB's Mortgage lien and ERA's lien on the vessel totals $287,539.53, and storage fees and charges of maintaining the boat continue to accrue. Therefore no equity remains in the Collateral for Debtor. In addition, Debtor does not need a luxury Yacht. If he did not have to make the Yacht payments, he could probably qualify for a Chapter 13 plan and pay all creditors.

13. Debtor, by not paying his installments when due, have defaulted on their obligation pursuant to the Note.

14. Accordingly, and for the foregoing reasons, GEMB respectfully requests relief from the automatic stay.

15. Movant GEMB is entitled to relief from the automatic stay for the reasons that:

   (i) after taking into account the liens on the boat, repossession costs, sale costs and attorneys' fees, the Debtor has no equity in the Collateral, in that the fair market value of the Collateral is lower than the aggregate amount of liens or encumbrances against the property; and

   (ii) there exists no adequate protection of the collateral as the mobility of the Collateral creates the real potential that it

will be moved outside of the jurisdiction, frustrating an impending repossession.

**WHEREFORE,** Movant GEMB respectfully requests the following relief:

(a) That a hearing on this Motion be held.

(b) That the Stay of Proceedings provided by 11 U.S.C. § 362 be modified, terminated, vacated or annulled to permit GEMB to enforce its rights under the Contract pursuant to which GEMB has a security interest in the Collateral owned by Debtor without recourse to pursue any deficiency against Debtor. The case Trustee shall receive notice of any such monies that may exist after the sale.

(c) I hereby affirm that the statements set forth in the motion are true and accurate.

**ROBINSON & COLE LLP**

By: /s/ Gregory J. Ligelis
    Gregory J. Ligelis (GJL0257)
    Robinson & Cole LLP
    Attorneys for Movant
    Wilmington Trust
    As Trustee For GEMB Lending Inc.
    1055 Washington Blvd.
    Tele: 203.462.7500
    Fax: 203.462.7599
    gligelis@rc.com